# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN H. DAVIS, | ) | Violation of Due Process Clause & |
| SHELIA DAVIS, | ) | Equal Protection Clause of the 14th |
| ERIC S. DAVIS, (A Minor/Now Handicapped Adult by | ) | Amendment of the United States |
| Natural Parents – John H. Davis, father & Shelia Davis, mother), | ) | Constitution, Relator, Theft, Fraud/ |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Case No.** |
| | ) | |
| ALABAMA DEPARTMENT OF HUMAN | ) | Violation of False Claims Act, |
| RESOURCES OF LIMESTONE COUNTY & | ) | Alienation of Affection/Alienation of |
| (All Administrators, Supervisors, Caseworkers and Staff), | ) | Familial Relations/Loss of Society & |
| Individually and Collectively, | ) | Companionship, RICO, Defamation, |
| JUDGE ROBERT M. BAKER & | ) | Negligence/Malfeasance, Violation |
| (In an Individual Capacity), Individually and Collectively, | ) | of 1st Amendment Rights of the |
| JUDGE DOUGLAS L. PATTERSON & | ) | United States Constitution, |
| (In an Individual Capacity), Individually and Collectively, | ) | Interference with Parental Custody & |
| ATTORNEY MICHAEL C. SIZEMORE | ) | Visitation/Violation of 4th |
| (In an Individual Capacity), Individually and Collectively, | ) | Amendment of the United States |
| ATTORNEY EDWARD L. ALLEY | ) | Constitution/Violation of the 14th |
| (In an Individual Capacity), Individually and Collectively, | ) | Amendment of the United States |
| CONNIE SHAW, Individually and Collectively, | ) | Constitution, Violation of the 5th |
| HOWARD SHAW, Individually and Collectively, | ) | Amendment of the United States |
| LUTHER STRANGE III (As Attorney General of | ) | Constitution, Forgery, Failure of a |
| the State of Alabama), Individually and Collectively, | ) | Governmental Official to Perform |
| ROBERT BENTLEY (As Governor of the State of | ) | Required Duties of the Office, |
| Alabama), Individually and Collectively, | ) | Mail Fraud/Wire Fraud, Misprision/ |
| ROY MOORE (As Chief Judge in the State Courts of | ) | Misprision of Felony/Aiding & |
| Alabama), Individually and Collectively, | ) | Abetting, Kidnapping |
| SUNLIGHT HOMES INCORPORATED in Alabama & | ) | |
| (All Owners, Administrators, Board Members, Supervisors, | ) | |
| Caseworkers and Staff), Individually and Collectively, | ) | |
| MARILYN BATTS (In an Individual Capacity), | ) | |
| Individually and Collectively, | ) | |
| DEBORAH A. CAIN: As Probation Officer with Alabama | ) | |
| Department of Human Resources of Limestone County, (In an | ) | |
| Official Capacity and an Individual Capacity), | ) | |
| Individually and Collectively, | ) | |
| SHANNON CAMERON (In an Individual Capacity), | ) | |
| Individually and Collectively, and DOES 1 – 10, | ) | |
| **Defendants.** | ) | |

# **COMPLAINT**

1.      Come now Plaintiffs, JOHN H. DAVIS, SHELIA DAVIS and ERIC S. DAVIS, a minor (who should be known as a minor during some of relevant time of this Complaint and now the last few years ERIC S. DAVIS should be known as a handicapped adult, autistic, mentally challenged son of Plaintiffs, JOHN H. DAVIS and SHELIA DAVIS) by parents JOHN H. DAVIS (father) and SHELIA DAVIS (mother) – and `file` Complaint.

2.      This Complaint is filed under *Federal Rules of Civil Procedure 1, 2,* and *3* and seeks to enumerate the rhetorical paragraphs in the Claims as it relates to each individual defendant and each Claim with increased specificity.

3.      Attorney for Plaintiffs:      John H. Davis (Indiana #4812 – 45), John H. Davis & Associates – 5201 Broadway Suites #203 and #205, Merrillville, Indiana 46410;   Mailing Address:  Attorney John H. Davis P.O. Box 43 Crown Point, Indiana 46308 – 0043.

4.      Plaintiffs, JOHN H. DAVIS, SHELIA  DAVIS  and ERIC S. DAVIS, a minor and presently an autistic (mentally challenged) handicapped adult by parents, JOHN H. DAVIS (father) and SHELIA DAVIS  (mother)*,* through their undersigned counsel for the Complaint – `file` against Defendants – ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY & (all administrators, supervisors, caseworkers and staff), individually and collectively, JUDGE ROBERT M. BAKER& (in an individual capacity), individually and

collectively, JUDGE DOUGLAS L. PATTERSON & (in an individual capacity), individually and collectively, ATTORNEY MICHAEL C. SIZEMORE (in an individual capacity), individually and collectively, ATTORNEY EDWARD L. ALLEY (in an individual capacity), individually and collectively, CONNIE SHAW(in an individual capacity), individually and collectively, HOWARD SHAW (in an individual capacity), individually and collectively, LUTHER STRANGE III (as Attorney General of the State of Alabama), individually and collectively, ROBERT BENTLEY (as Governor of the State of Alabama), individually and collectively, ROY MOORE (as Chief Judge in the State Courts of Alabama),  individually and collectively, SUNLIGHT HOMES INCORPORATED in Alabama & (all owners, administrators, board members, supervisors, caseworkers and staff), individually and collectively, MARILYN BATTS (in an individual capacity), individually and collectively, DEBORAH A. CAIN: as probation officer with Alabama Department of Human Resources of Limestone County, (in an official capacity and an individual capacity), individually and collectively, SHANNON CAMERON (in an individual capacity), individually and collectively, and DOES 1 – 10.

# PARTIES

5.    **Plaintiffs:**

Plaintiffs, JOHN H. DAVIS ("John H. Davis") and SHELIA DAVIS ("Shelia Davis"), at all times relevant and material hereto – are, and were, residents of Lake County in the State of Indiana.   At all times relevant and material hereto, ERIC S. DAVIS ("Eric") was a minor and is now an adult, handicapped autistic individual by natural parents, John H. Davis (father) and Shelia Davis (mother).  Eric Davis is a native born of the State of Indiana and is now presently illegally and improperly held in the State of Alabama in a residential facility – the hold being unrelated to delinquency but relating to autism.  A placement in a residential facility had been arranged by John H. Davis (father) for Eric Davis (son) in the State of Indiana.

6.    **Defendants:**

**6(a).**   ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY – That at all times relevant and material hereto, Defendant ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY ("DHR") filed a petition in the Limestone County Court  of Judge Robert M. Baker regarding the adult autistic – handicapped Plaintiff Eric Davis raising alleged issue of welfare, abandonment and custody.  That DHR has caused to the present, the Alabama Court to continue "temporary custody" of the minor – now mentally handicapped autistic adult Eric Davis, in the State of Alabama, from 2001 to the present.   That DHR at all times relevant and material was located in the State of Alabama.

Upon information and belief, all executive level officers, supervisory case workers, field investigators of DHR directed, controlled and coordinated DHR activities from the (Athens) Limestone County, Alabama offices located at 1007 West Market Street Athens, Alabama 35612 and from the Alabama Department of Human Resources at their State Government Office located at 50 North Ripley Street Montgomery, Alabama 36130 in Montgomery County, Alabama.

On or about January 4, 2017, DHR filed a *new* petition in the Alabama court under Judge Baker.

**6(b).**   JUDGE ROBERT M. BAKER  – That at all times relevant and material hereto, Defendant JUDGE ROBERT M. BAKER ("Baker") was a judge of the Limestone County, Alabama court and accepted a petition filed in said court by DHR which had *no* legitimate basis to initiate a case in the matter of the welfare of Plaintiff Eric Davis and continued said improper and illegal case in the Limestone County Alabama court, where the case is still improperly held in that court up to the present date during which Baker was aware that the natural father (John H. Davis) was a resident of the State of Indiana and the natural mother (Shelia Davis) had not remained a resident of the State of Alabama (from 2005) and was a resident of the State of Indiana.  Upon information and belief, Defendant Baker presided over the Circuit Court of Limestone County, Alabama from 200 Washington Street 3rd Floor Athens, Alabama 35611 and from 503 South Jefferson Street Athens, Alabama 35611.  At all times relevant and material hereto, Defendant JUDGE ROBERT M. BAKER, ("Baker") was a citizen and resident in the State of Alabama.

6(c).   JUDGE DOUGLAS L. PATTERSON – That at all times relevant and material hereto, Defendant JUDGE DOUGLAS L. PATTERSON ("Patterson") was a citizen and resident in the State of Alabama.

6(d).   ATTORNEY MICHAEL C. SIZEMORE – That at all times relevant and material hereto, Defendant ATTORNEY MICHAEL C. SIZEMORE ("Sizemore") was a citizen and resident in the State of Alabama.

6(e).   ATTORNEY EDWARD L. ALLEY – That at all times relevant and material hereto, Defendant ATTORNEY EDWARD L. ALLEY ("Alley") was a citizen and resident in the State of Alabama.

6(f).   CONNIE SHAW – That at all times relevant and material hereto, Defendant CONNIE SHAW ("Connie Shaw") was a resident of the State of Tennessee.  That Connie Shaw provided false and erroneous information to DHR and to the Judge Jeanne W. Anderson Court that she (Connie Shaw) had acquired parental care of Plaintiff Eric Davis and was available to represent Plaintiff Eric Davis as the proper family representative.  That Defendant Connie Shaw provided false information to DHR that she (Connie Shaw) was qualified as a foster care provider for Plaintiff Eric Davis and Defendant Connie Shaw did not reveal that she (Connie Shaw) was not qualified as a foster parent in that the same agency (DHR) in the State of Tennessee took physical and legal custody of her (Connie Shaw's) son Jared Shaw – while he (Jared Shaw) was a minor (in approximately 1994) for the

charge of neglect of said son.  An Alabama doctor named Dr. Sarrels initiated the intervention by the Tennessee DHR agency.

That Defendant Connie Shaw has been involved in the application for Medicaid for Plaintiff Eric Davis by **falsely** representing herself as the legal individual to make such applications.  It is the belief of the Plaintiffs John H. Davis and Shelia Davis that Defendant Connie Shaw has repeatedly signed applications for Medicaid on behalf of Plaintiff Eric S. Davis – such application constitutes fraud and continues to the present.   These facts should affect some of the basis of the Baker Court matter regarding Eric Davis.

Additionally it is the belief of Plaintiff Shelia Davis that Defendant Connie Shaw brokered an illegal marriage based on what she (Plaintiff Shelia Davis) observed, saw and heard including statements from Defendant Connie Shaw that her (Connie Shaw's) brother – Jeruald Collier was "*dumb-enough*" not to get his (Jeruald Collier's) payment for the illegally – arranged marriage between her brother – Jeruald Collier and a person named Hazra Mohammed.   Furthermore, that Defendant Connie Shaw takes Plaintiffs' John H. Davis' and Shelia Davis' son Eric Davis to the house in which said brother lives and in which said Hazra Mohammed does not live but visits regularly to continue the appearance of this illegal marriage.

This environment invites possible dangerous and life-threatening situations in light of the fact that many individuals from the Middle East who are not thoroughly or properly vetted by the United States government could have

relationships with terrorist groups from the Middle East.  Said Hazra Mohammed's believed – real husband and father of her (Hazra Mohammed's) three (3) minor children – none of whom live with the brother, Jeruald Collier, visits the same house Plaintiff Eric S. Davis is regularly taken to by Defendant Connie Shaw and Defendant DHR ostensibly to visit with the grandmother (Louise Collier) of Plaintiff Eric S. Davis.  These facts should affect some of the basis of the Baker Court matter regarding Eric Davis.

6(g).   HOWARD SHAW – That at all times relevant and material hereto, Defendant HOWARD SHAW ("Howard Shaw") was a resident of the State of Tennessee and **aided and abetted** in the following:

That Connie Shaw provided false and erroneous information to DHR and to the Judge Jeanne W. Anderson Court that she (Connie Shaw) had acquired parental care of Plaintiff Eric Davis and was available to represent Plaintiff Eric Davis as the proper family representative.  That Defendant Connie Shaw provided false information to DHR that she (Connie Shaw) was qualified as a foster care provider for Plaintiff Eric Davis and Defendant Connie Shaw did not reveal that she (Connie Shaw) was not qualified as a foster parent in that the same agency (DHR) in the State of Tennessee took physical and legal custody of her (Connie Shaw's) son Jared Shaw – while he (Jared Shaw) was a minor (in approximately 1994) for the charge of neglect of said son.  An Alabama doctor named Dr. Sarrels initiated the intervention by the State of Tennessee's Child Protective Services agency.

That Defendant Connie Shaw has been involved in the application for Medicaid for Plaintiff Eric Davis by **falsely** representing herself as the legal individual to make such applications.  It is the belief of the Plaintiffs – John H. Davis and Shelia Davis that Defendant Connie Shaw has repeatedly signed applications for Medicaid on behalf of Plaintiff Eric Davis – such application constitutes fraud and continues to the present.

Additionally it is the belief of Plaintiff Shelia Davis that Defendant Connie Shaw brokered an illegal marriage based on what she (Plaintiff Shelia Davis) observed, saw and heard including statements from Defendant Connie Shaw that her (Connie Shaw's) brother – Jeruald Collier was "*dumb-enough*" not to get his (Jeruald Collier's) payment for the illegally – arranged marriage between her brother, Jeruald Collier and a person named Hazra Mohammed.   Furthermore, that Defendant Connie Shaw takes Plaintiffs' – John H. Davis' and Shelia D. Davis' son Eric to the house in which said brother lives and in which said Hazra Mohammed does not live but visits regularly to continue the appearance of this illegal marriage.

This environment invites possible dangerous and life – threatening situations in light of the fact that many individuals from the Middle East who are not thoroughly or properly vetted by the United States government could have relationships with terrorist groups from the Middle East.   Said Hazra Mohammed's believed – real husband and father of her (Hazra Mohammed's) three (3) minor children – none of whom live with the brother, Jeruald Collier visits the same house

Plaintiff Eric Davis is regularly taken to by Defendant Connie Shaw and Defendant

DHR ostensibly to visit with the grandmother (Louise Collier) of Plaintiff Eric

Davis.  These facts should affect some of the basis of the Baker Court matter

regarding Eric Davis.

6(h).   LUTHER STRANGE III – That at all times relevant and material

hereto, Defendant LUTHER STRANGE III ("Strange") was a citizen and resident in

the State of Alabama.

6(i).   ROBERT BENTLEY – That at all times relevant and material hereto,

Defendant ROBERT BENTLEY ("Bentley") was a citizen and resident in the State

of Alabama.

6(j).   ROY MOORE – That at all times relevant and material hereto,

Defendant ROY MOORE ("Moore") was a citizen and resident in the State of

Alabama.

6(k).   SUNLIGHT HOMES INCORPORATED in Alabama – That at all

times relevant and material hereto, Defendant SUNLIGHT HOMES

INCORPORATED ("Sunlight") was a located in the State of Alabama.

6(l).   MARILYN BATTS – That at all times relevant and material hereto,

Defendant MARILYN BATTS ("Batts") was a citizen and resident in the State of

Alabama.

**6(m).**   DEBORAH A. CAIN – That at all times relevant and material hereto, Defendant DEBORAH A. CAIN ("Cain") was a citizen and resident in the State of Alabama.

**6(n).**   SHANNON CAMERON – That at all times relevant and material hereto, Defendant SHANNON CAMERON ("Cameron") was a citizen and resident in the State of Alabama.

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(a)(2) because:

**7.**     JOHN H. DAVIS ("John H. Davis") and SHELIA DAVIS ("Shelia Davis") are citizens and residents of the State of Indiana and ERIC S. DAVIS ("Eric") by natural parents of Eric – is a citizen of the **State of Indiana**, Eric was born in the State of Indiana – said parents never losing or having parental rights terminated, whereas ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY & (all administrators, supervisors, caseworkers and staff), (individually & collectively), JUDGE ROBERT M. BAKER& (in an individual capacity), (individually & collectively), JUDGE DOUGLAS L. PATTERSON & (in an individual capacity), (individually & collectively), ATTORNEY MICHAEL C. SIZEMORE (in an individual capacity), (individually & collectively), ATTORNEY EDWARD L. ALLEY (in an individual capacity), (individually & collectively), LUTHER STRANGE III (as Attorney General of the State of Alabama), (individually & collectively), ROBERT BENTLEY (as Governor of the State of Alabama), (individually & collectively), ROY MOORE (as Chief Judge in the State Courts of Alabama), (individually & collectively), SUNLIGHT HOMES INCORPORATED in Alabama & (all owners, administrators, board members, supervisors, caseworkers and staff), (individually & collectively), MARILYN BATTS (in an individual capacity), (individually & collectively), DEBORAH A. CAIN: as probation officer with Alabama Department of Human Resources of Limestone

County, (in an official capacity and an individual capacity), (individually & collectively) and SHANNON CAMERON (in an individual capacity), (individually & collectively) – at all times material hereto the above – named defendants are or were citizens and/or resided and/or are or were doing business in the State of Alabama, and/or primarily located in the **State of Alabama**.

At all times material hereto, CONNIE SHAW (in an individual capacity) and HOWARD SHAW (in an individual capacity) are, or were, citizens and residents of the **State of Tennessee**.

8.      And, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because the plaintiffs have been denied due process regarding the issue of jurisdiction of plaintiffs' minor child now an adult handicapped autistic individual Eric where *neither* parent is now a resident of the State of Alabama and during all times relevant, the father – Plaintiff John H. Davis, was not a resident of the State of Alabama, but a resident of the State of Indiana, both parents being now residents of the State of Indiana and thus defendants continue to violate plaintiffs' due process rights under the 4th, 5th and 14th Amendments of the United States Constitution.

That, Defendant JUDGE ROBERT M. BAKER ("Baker") blatantly disregarded and ignored requirements to give full faith and credit to the divorce decree of The Lake Superior Court (Lake County, Indiana) of the natural parents of the above said minor – now adult handicapped autistic Eric.  That, with the knowledge that neither parent was any longer in the State of Alabama, Defendant

Baker did not follow the requirements of the Interstate Compact relating to the minor, now an autistic handicapped adult plaintiff, Eric.  The Court of Defendant Baker never afforded and continues to not to afford plaintiffs opportunity to oppose the court's action and inaction, albeit illegally, based upon the court never acquiring any jurisdiction and/or authority to affect any aspect of Plaintiff Eric's jurisdiction. Therefore Defendant Baker violated and continues to violate plaintiffs' due process rights (4th, 5th, and 14th Amendments of U.S. Constitution).

Additionally, plaintiffs' First (1st) Amendment Rights of the United States Constitution have been and continue to be violated regarding the religious training and religious exercise of their son Eric.

**9.**     And finally, the amount in controversy exceeds $75,000 exclusive of interest and costs.

## COMMON ALLEGATIONS

10.    At all times material hereto, Plaintiffs JOHN H. DAVIS ("John H. Davis"), SHELIA DAVIS ("Shelia Davis") and ERIC S. DAVIS ("Eric") through Eric's parents, John H. Davis and Shelia Davis, as *next of friend* – were residents of Lake County in the State of Indiana.

11.    At all times material hereto, Defendant ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY ("DHR") was an agency in the State of Alabama and has caused alienation of affection between Plaintiffs – John H. Davis and Shelia Davis with plaintiffs' son Eric causing extreme emotional harm and distress and this continues to the present.   Additionally, DHR also caused alienation of familial relations between plaintiffs and their (plaintiffs') son Eric from the beginning of the matter that was originally set in the Court of former Judge Jeanne W. Anderson ("Anderson"), now presided over by Defendant JUDGE ROBERT M. BAKER ("Baker").  This also continues to the present.

Defendant DHR with Defendant Baker violated and violates plaintiffs First (1st) Amendment Right of the United States Constitution in the exercise of their (plaintiffs') religious beliefs in that the minor and presently mentally handicapped adult – Eric has been illegally kept from the parents who are in the State of Indiana.

Defendant DHR with Defendant Baker violated and violates plaintiffs' Due Process and Equal Protection Rights under the Fourteenth (14th) Amendment of the United States Constitution in that plaintiffs have initially and to the present not

been afforded a full evidentiary hearing in regard to the continued physical holding of Eric and not afforded the transfer of Eric to the State of Indiana pursuant to the UCCJA (Uniform Child Custody and Jurisdiction Act) and UCCJEA (Uniform Child Custody Jurisdiction and Enforcement Act) and the PKPA (Parental Kidnapping Prevention Act) of 1980 (28 U.S.C. § 1738A), all to the continued extreme emotional distress and harm to said plaintiffs.

Defendant DHR has caused the above – stated harm to the plaintiffs with the **aiding and abetting** of the following defendants:  JUDGE ROBERT M. BAKER ("Baker"), JUDGE DOUGLAS L. PATTERSON ("Patterson"), ATTORNEY MICHAEL C. SIZEMORE ("Sizemore"), ATTORNEY EDWARD L. ALLEY ("Alley"), CONNIE SHAW ("Connie Shaw"), HOWARD SHAW ("Howard Shaw"), LUTHER STRANGEIII ("Strange"), ROBERT BENTLEY ("Bentley"), ROY MOORE ("Moore"), SUNLIGHT HOMES INCORPORATED in Alabama ("Sunlight"), MARILYN BATTS ("Batts"), DEBORAH A. CAIN ("Cain"), and SHANNON CAMERON ("Cameron").

12.     Defendant DHR, aided and abetted by all other – named defendants, having a duty to properly care for *then* minor and presently adult Eric, having the duty to properly care for Eric – breached the said duty, thus constituting negligence in said duty causing initial deterioration and continuing deterioration to the present of Eric's autistic condition.  Defendant DHR, aided and abetted by all other – named defendants, caused harm, initially and to the present, by the placing of Eric *without proper legal authority* into residential facilities provided for and caused the overuse

and misuse of medications initially and presently, administered by physicians under the control of and under the direction of the Defendant DHR.

## CLAIMS

**13.** Plaintiffs restate and plead paragraphs 10 – 12 above and incorporate the same by reference as though fully set forth herein.

**A.** Defendant ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY ("DHR") & (all administrators, supervisors, caseworkers and staff), individually and collectively;  Defendant JUDGE ROBERT M. BAKER ("Baker") & (in his – Judge Robert M. Baker's individual capacity, also his – Judge Robert M. Baker's staff and administrators), individually and collectively;  Defendant JUDGE DOUGLAS L. PATTERSON ("Patterson") & (in his – Judge Douglas L. Patterson's individual capacity, also his – Judge Douglas L. Patterson's staff and administrators), individually and collectively;  Defendant ATTORNEY MICHAEL C. SIZEMORE ("Sizemore") (in his – Attorney Michael C. Sizemore's individual capacity), individually and collectively;  Defendant ATTORNEY EDWARD L. ALLEY ("Alley") (in his – Attorney Edward L. Alley's individual capacity), individually and collectively;  Defendant CONNIE SHAW ("Connie Shaw") (in an individual capacity), individually and collectively;  Defendant HOWARD SHAW ("Howard Shaw") (in an individual capacity), individually and collectively;  Defendant LUTHER STRANGE III ("Strange") (as Attorney General of the State of Alabama), individually and collectively;   Defendant ROBERT

BENTLEY ("Bentley") (as Governor of the State of Alabama), individually and collectively;  Defendant ROY MOORE ("Moore") (as Chief Judge in the State Courts of Alabama), individually and collectively;  Defendant SUNLIGHT HOMES INCORPORATED in Alabama ("Sunlight") & (also all owners, administrators, board members, supervisors, caseworkers and staff), individually and collectively;  Defendant MARILYN BATTS ("Batts") (in an individual capacity), individually and collectively;  Defendant DEBORAH A. CAIN ("Cain"): as probation officer with Alabama Department of Human Resources of Limestone County, (In an official capacity and an individual capacity), individually and collectively;  SHANNON CAMERON ("Cameron") (in an individual capacity), individually and collectively;

## COUNT I
## VIOLATION OF DUE PROCESS CLAUSE & EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION

**14.**     That at all times material hereto, on or about January 4, 2017 to the present date, Defendant DHR filed a petition in Judge Robert Baker's Court in the State of Alabama requesting that the Court set a hearing regarding the matter of Eric Davis to select and appoint a guardian over Eric and the affairs of Eric including his welfare and placement.

That Defendant DHR – with the knowledge that Eric's parents were and are located in the State of Indiana – did not set a hearing to include said parents' participation in the petition filed by DHR.  This act abridged Eric's parent's rights as citizens of the State of Indiana and is, and was, in violation of the Due Process

Clause and Equal Protection Clause of the 14th Amendment of the United States Constitution, and constitutes a **fraud** as to an appointment of a guardian.

All other named defendants as set forth above within Letter A herein, either directly or indirectly aided and abetted the above – stated acts except that Defendant Judge Baker, Defendant Attorney Sizemore, Defendant Attorney Alley, and Defendant Shannon Cameron knowingly and directly participated in the said violations.  These material facts cannot be controverted.

**COUNT II**
**RELATOR**

15.     That at all times material hereto, approximately January 4, 2017 through the present date, defendants, as set forth above within Letter A herein, caused federal funds to be illegally diverted from Medicaid, SSI, funds solicited from state and federal supplemental programs for handicapped individuals which were solicited for the purported purposes and use for the care of Eric who has been placed in a facility in the State of Alabama by the Defendant DHR, and said funds were diverted by the Defendant DHR and illegally distributed for the use of non – profit agencies which were originally founded by former Judge Jeanne W. Anderson and now being illegally used by Judge Baker.

16.     That the above stated facts are also made under the Whistleblower statute (Relator)( Sarbanes – Oxley Act of 2002 – Corporate and Criminal Fraud Accountability Act Section 806, Section 922(b) and (c) Section 929A of the Dodd-

Frank Wall Street Reform and Consumer Protection Act), and as a criminal violation under Title 18 Section 666.

These material facts cannot be controverted in that the funds, fraudulently received by the defendants, are and can be traced to the **illegal receipt** of said funds.

17.     That Count II – Relator comes out of the fact that Defendant Judge Baker did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.  This Count would not be possible had the Baker Court conducted an evidentiary hearing regarding jurisdiction – the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth (14th) Amendment of the United States Constitution.

**COUNT II**
**RELATOR**

18.     That at all times material hereto, on or about October 2012 through the present date, Defendant Sunlight Homes took Eric Davis into its facility operated to house and teach adults who are mentally challenged or handicapped. This placement of Eric was affected by the illegal hold on Eric by the Limestone County – Alabama courts.  This fact was never a part of the relevant issues that had been litigated under the previous Complaint filed by the instant plaintiffs – John H. Davis, Shelia Davis and Eric S. Davis.  This placement triggered the receipt of funds from the John H. Davis and Shelia Davis Social Security account

funds (from the State of Indiana) and Social Security disability funds, federal and state funds from the account of Eric Davis.

19.     This facility has not met the requirements of training, certification of its staff to the present date and therefore has been, to the present date, functioning illegally.  Additionally, this facility – as a recipient of illegal funds – channeled through the Defendant Judge Douglas Patterson's Court and subsequently through the Defendant Judge Robert Baker's Court to the present.  This involvement joins Sunlight Homes as participating in the sharing of illegal funds under the Relator Count.   These acts also caused **federal funds** to be illegally diverted from Medicaid, SSI, funds solicited from state and federal supplemental programs for handicapped individuals which were solicited for the purported purposes and use for the care of Eric who was placed in the aforesaid facility in the State of Alabama by the Defendant DHR, and said funds were diverted by the Defendant DHR and illegally distributed to Sunlight Homes and for the use of non – profit agencies which were originally founded by former Judge Jeanne W. Anderson and now being illegally used by Judge Baker.

20.     That the above stated facts are made under the Whistleblower statute (Relator)(Sarbanes – Oxley Act of 2002 – Corporate and Criminal Fraud Accountability Act Section 806, Section 922(b) and (c) Section 929A of the Dodd-Frank Wall Street Reform and Consumer Protection Act), and as a criminal violation under Title 18 Section 666.  These material facts cannot be controverted in

that the funds, fraudulently received by the Defendant Sunlight Homes, are and can be traced to the illegal receipt of said funds by Defendant Judge Baker's Court.

21.     That Count II – Relator comes out of the fact that Defendant Judge Baker did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.  This Count would not be possible had the Baker Court conducted an evidentiary hearing regarding jurisdiction – the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth (14th) Amendment of the United States Constitution.

**COUNT III**
**THEFT**

22.     At all times material hereto, approximately January 4, 2017 to the present date, Defendant Judge Baker took over the caseloads of the former Defendant Judge Patterson in the Limestone County Court.  Defendant Judge Patterson continued the illegal handling of the case of Eric Davis which was originally submitted to the court by DHR to the *then* sitting Judge Jeanne W. Anderson.  Defendant Judge Baker continued the illegal hold of the case of Plaintiff Eric Davis which involved and involves the use of Plaintiff John H. Davis' and Plaintiff Shelia Davis' funds from their (plaintiffs') Social Security accounts.

Defendant Judge Patterson was removed because of charges levied against him in December 2019 accusing Judge Patterson of use of official position or office

for personal gain, financial exploitation of the elderly first – degree and theft third – degree.

**23.**     Plaintiffs – John H. Davis and Shelia Davis are and were during all times material hereto citizens and residents of the State of Indiana and the taking of said plaintiffs' Social Security account funds and additionally the recent taking of funds sent to Plaintiff John H. Davis represent a taking of their (plaintiffs') property from the State of Indiana which was taken with the intention of permanently depriving said plaintiffs of their (plaintiffs') property.

These acts have affected the credit standing of John H. Davis and Shelia Davis to the present.  This includes the intentional taking of John H. Davis' and Shelia Davis' funds from their Social Security accounts to the present date.  These acts were committed by Defendant Judge Baker and aided and abetted by all other defendants as set forth in Letter A herein.  **These acts caused injury to the plaintiffs in the State of Indiana.**  These material facts cannot be controverted.

**24.**     Count III – Theft comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs – John H. Davis, Shelia D. Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

(See Copy of CARES Act documents marked as **EXHIBIT A** in 5 pages attached and made apart hereto).

## COUNT IV
## <u>FRAUD/VIOLATION OF FALSE CLAIMS ACT</u>

**25.**     At all times material hereto, on or about January 4, 2017 through the present date, Defendant Judge Baker committed and continues to commit fraud by way of soliciting funds from federal agencies, state agencies, Medicaid, SSI, ostensibly for the care of Eric who with the ostensible authority of Defendant Judge Baker's Court continues to re – establish on a yearly basis the ostensible authority of the court.  It is required that a court, upon taking authority of a minor or of an adult with a handicapped need such as autism, must each year determine whether or not said family court should continue the authority of the court on the individual's welfare.  Such continued authority made once a year must be set for an evidentiary hearing which must include the parents of the individual unless the parents' parental authority has been terminated.  In the present case, the parents of Eric are citizens and residents of the State of Indiana and their parental rights, including any residual parental rights, have never been terminated.

The Baker Court has **never** set an evidentiary hearing for pursuing the annual authority of the court over the welfare of Eric thus violating the rights of the parents.  The Defendant – Judge Baker has assigned a guardian over the welfare and estate of Eric without the required evidentiary hearing and legal authority.

This fraud was and is perpetrated by officers and staff members of said Defendant Judge Baker by seeking said funds without proper authority in that said funds were known to be unavailable for the care of Eric through any persons, agencies or courts not having a proper jurisdiction over the person of Eric.

26.    Additionally, said funds were improperly solicited by said Defendant Judge Baker as well as aided and abetted by all other – named defendants as set forth above within Letter A herein.

27.    Each application for Medicaid funds must be renewed annually and each receipt of Medicaid funds are monthly thus over three (3) years of applications of Medicaid funds represents three (3) separate acts of fraud, civil and criminal, and each receipt of Medicaid funds monthly represents over three (3) years which is twelve (12) times three (3) years equals thirty – six receipts of monthly Medicaid funds, plus three (3) years of application of Medicaid funds representing over thirty – nine **(39)** separate acts of civil and criminal fraud.

28.    This fraud is also exemplified by the fact that all applicants for Medicaid must also prepare and submit a PARIS Database form which is mandated by law to prevent duplication of and/or receipt of funds fraudulently.

The submission of this form (PARIS database request – check form) cannot be "opted – out" by any court or other entities however this was exactly what Defendant Judge Baker purposefully did.

Each Defendant, as set forth in Letter A herein, either directly or indirectly participated in this fraud by their (defendants') actions or inaction by aiding and abetting the actions of Defendant Judge Baker.  These material facts cannot be controverted, particularly the "opting-out" of the legally – mandated submission of the (PARIS database request – check) form.

29.    Plaintiffs have been, and are being, injured and detrimentally affected in that **defendants individually and collectively have been and are illegally using the judicial system to keep the illegal jurisdiction of Eric in the State of Alabama** motivated by the fact that these illegally – obtained Medicaid funds are partially diverted to supplement the defendants' payrolls, salaries and other monetary gain.

(See Partial Copy of the State of Alabama Eligibility Verification Plan Form regarding checking PARIS database for residency, in pertinent parts, marked as **EXHIBIT 1** in 1 page attached and made apart hereto).

30.    Count IV – Fraud comes out of the fact that the Limestone County Alabama courts did *not* provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.

31.    Fraud by its definition includes false claims (False Claims Act 31 U.S. Code § 3729) thus the fraudulent acts of Defendant Judge Baker, aided and abetted by all the other listed defendants as set forth in Letter A herein, includes in pertinent parts:

i.   "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [;]"

ii.   "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim [;]" or

     iii.  "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government [.]"

*See* **False Claims Act (FCA), 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B), and (a)(1)(G)**

*"Knowingly"* – within the meaning of the FCA, is defined to include a defendant acting in reckless disregard or deliberate indifference of the truth or falsity of information, as well as actual knowledge of such falsity by the defendant. See § 3729(b)(1).  Further, "no proof of specific intent to defraud" is required to establish liability under the False Claims Act ("FCA").

For purposes of section 3729(a)(1)(B), the FCA defines "material" as "having a natural tendency to influence, or capable of influencing, the payment or receipt of money or property." See § 3729(b)(4).  The FCA also defines "obligation" in section 3729(a)(1)(G) – the reverse false claims provision – to include any "established duty, whether or not fixed, arising from an express or implied contractual … relationship, from a fee – based or similar relationship, from statute or regulation, or from the retention of an overpayment."

See § 3729(b)(3).  This broad definition reflects Congress's intent for the reverse false claims provision to apply to non – fixed duties.

The False Claims Act applies to Defendant Judge Baker's fraudulent acts as set forth above.

**COUNT V**
## ALIENATION OF AFFECTION/ALIENATION OF FAMILIAL RELATIONS/LOSS OF SOCIETY AND COMPANIONSHIP

**32.**     At all times material hereto, on or about January 4, 2017 through the present date, Defendant DHR caused the affections and companionship between Eric and his natural parents, John H. Davis and Shelia Davis, to be adversely affected in that Defendant DHR instituted an unfounded petition in the Defendant Judge Robert Baker's Court ("Baker Court") which resulted in the continued removal of physical custody of Eric from the legal physical custody of the natural parents, John H. Davis and Shelia Davis.

**33.**     This resulted in the Defendants – DHR and Defendant Robert Baker's Court *further* instituting and establishing a relationship between Eric and his aunt (Defendant Connie Shaw) and uncle (Defendant Howard Shaw) which is not legally acceptable under the Rules for guardianship by DHR in that neither Defendant Connie Shaw nor Defendant Howard Shaw reside in the State of Alabama.    This relationship had been illegally established by the original judge who presided over the first petition filed in Judge Jeanne W. Anderson's Court.  Defendant Judge Robert Baker, from January 4, 2017, has been following the illegal actions of the original judges in the Eric case which started with Judge Jeanne W. Anderson (on or about December 2001) and then Judge Douglas L. Patterson.  This relationship was continued by the Baker Court until Defendant Connie Shaw and Defendant Howard Shaw **were sued** and dismissed from the matter of Eric by Defendant DHR. Defendant Connie Shaw and Defendant Howard Shaw did not continue to accept

the illegal representative/guardianship of Eric Davis after the instant plaintiffs (John H. Davis and Shelia Davis) named Defendant Connie Shaw and Defendant Howard Shaw in a previous complaint filed in the Indiana Northern district court – Case no. 2:16 – cv – 00120).

Defendant DHR had to sue Connie Shaw in order to remove her name as representative/guardian of Eric in order to petition the Baker Court to replace the guardianship with `another` individual.  And the newly appointed guardian is, not only unqualified to be guardian of Eric in that the Baker Court does not have legal jurisdiction, the newly appointed guardian – Defendant Attorney Edward L. Alley – is *neither* qualified nor a family member of Eric Davis thereby overlooking the natural parents of Eric Davis (John H. Davis and Shelia Davis), as the rightful guardian.

During the period of time when Defendant Connie Shaw and Defendant Howard were illegally placed as the guardian for Eric, the Baker Court continued to essentially bribe them with payment to act as the guardian for Eric for the purposes of **creating a false record** that Connie Shaw and Howard Shaw are representative of the proper and legal parental relationship of Eric.

34.    DHR has caused John H. Davis and Shelia Davis to lose the familial guidance regarding the ancestral history and culture of John H. Davis and Shelia Davis with their son Eric – including the religious practices of John H. Davis and Shelia Davis.

**35.**    The natural parents of Eric, Plaintiffs John H. Davis and Shelia Davis, have *never* been removed as the rightful guardians of Eric as a minor and presently as a handicapped autistic adult.

**36.**    This has, and continues to have, emotional and stressful effects on John H. Davis and Shelia Davis as well as Eric in that Eric has been and is being emotionally conflicted as to his natural parents.  This also constitutes the loss of society between the natural parents of Eric (John H. Davis and Shelia Davis) to provide the type of society and quality of life important to the family concept practiced by John H. Davis and Shelia Davis which includes a rich historical and a rich heritage and culture of John H. Davis and Shelia Davis.

John H. Davis' heritage and culture includes within three generations – Hispanic (Panamanian & Spainish), Eastern (Pakistani), Native American (Dakota), African, Anglo (Norwegian).  This also constitutes the loss of cultural heritage which includes John H. Davis' maternal grandfather's heritage and culture stemming from his (John H. Davis' maternal grandfather's) surname 'Messiah' which derives from his (John H. Davis') maternal grandfather's heritage and culture traced to the country of Spain and its Jewish inhabitants and the name Messiah deriving from a Rabbinical background.  John H. Davis has not been able to share this rich heritage with his son, Eric through his (Eric's) formative years and over the last eighteen (18) years to the present date.

37.     Shelia Davis has not, likewise, been able to share her (Shelia Davis') rich heritage which includes Native American Indian (Cherokee), French, and African – American heritage.

38.     These material facts cannot be controverted in that plaintiffs have never been afforded an evidentiary hearing in the courts of Alabama nor the Juvenile Court in Indiana on the issue of proper and legal jurisdiction regarding the matter of Eric.   All defendants, as set forth in Letter A herein, in this Complaint have either directly or indirectly assisted in this harm to plaintiffs by aiding and abetting the actions of each other.

39.     Count V – Alienation of Affection/Alienation of Familial Relations/Loss of Society and Companionship comes out of the fact that the Limestone County Alabama courts did not provide nor to the present date has not provided an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.

40.     Plaintiffs John H. Davis and Shelia Davis have been pursuing this matter for over eighteen (18) years – beginning when Eric was ten (10) years old and was a mildly autistic minor and now through years of separation from his (Eric's) natural parents, the **deterioration** of Eric's autism has led to severe autism.

Plaintiffs John H. Davis and Shelia Davis have no way of recovering these years but are continuing to pursue these matters through the courts in the State of

Indiana though the courts thus far in both the State of Alabama and the State of Indiana have stymied plaintiffs' attempts to acquire their Constitutional Rights in this matter.

**COUNT VI**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO)**

**41.**     At all times material hereto, on or about January 4, 2017 through the present date, Defendant DHR, in concert with all other defendants named in Letter A herein above, individually and collectively participated in acquiring funds from federal, state, Medicaid and SSI from Eric's estate and from SSI of plaintiffs' estate (Eric's parents – John H. Davis and Shelia Davis) under the guise of using said funds for the care of and matter of Eric which, upon acquiring said funds, were and have been, to an extent, diverted to the `personal` use of said defendants including some of the defendants' salaries, their functioning budget of the offices of DHR, the Baker Court and funding of quasi 501 (c)(3) and 501 (c)(4) "non-profit" entities.  This illegal diversion and distribution of said funds constitutes Racketeer Influenced and Corrupt Organizations **(RICO) – (**18 U.S. Code Chapter 96).

**42.**     Plaintiffs have been, and continue to be injured and harmed by these acts in that the defendants continue to be motivated by illegal economic gain in preventing the transfer of Eric under the Interstate Compact to the State of Indiana.  These material facts cannot be controverted and represent clear meritorious Complaint.

(See Copy dated March 13, 2014 marked as **EXHIBIT 2** in 2 pages attached and made apart hereto).

Website last read April 23, 2020:
https://www.al.com/opinion/2014/03/funding_crisis_in_alabamas_cou.html

This exhibit reflects the environment and attitude of the judicial system in the State of Alabama motivating the illegal acts as set forth in this Count under RICO.

43.      Count VI – RICO comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.  This Count would not be possible had the Jeanne W. Anderson Court conducted an evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution and which Defendant Judge Robert Baker continues to violate to the present date.

### COUNT VII
### DEFAMATION

44.      At all times material hereto, on or about January 4, 2017 through the present date, Defendant Judge Robert M. Baker caused a defamation and slander to be published by their circulating allegations that plaintiffs, John H. Davis and Shelia Davis abandoned their son, Eric.  This slander and defamation was in the

form of a petition filed with the Baker Court which was never fully resolved, litigated, or vacated.  This defamation and slander was also circulated by staff of the defendants  to the local community in Athens – Limestone County, Alabama and to family, neighbors, relatives and to the church once attended by plaintiffs in Huntsville, Alabama, circulated through the congregation of the Oakwood Seventh – day Adventist Church/College (University) in Huntsville, Alabama, by innuendo per quod, per se, known by the defendants to be false lowering the character and reputation of plaintiffs in a substantial part of the community known by plaintiffs.

45.    This defamation was submitted to a national database used by employers, schools, credit bureaus, background checks which continue to expose plaintiffs to ongoing character assassination to the injury of their careers, financial stability, and wellbeing – physical and emotional health.  These material facts, as set forth herein under Count VII, were caused by the individual acts of the defendants and/or the collusive acts of all the defendants, as set forth above within Letter A herein, both directly and indirectly by **aiding and abetting** each other.

46.    These material facts cannot be controverted – particularly the posting of plaintiffs in national databases used by employers, schools, credit bureaus and background checks as individuals who abandoned their child (Eric).

47.    Count VII – Defamation comes out of the fact that the Limestone County – Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due

process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

## COUNT VIII
## NEGLIGENCE/MALFEASANCE

**48.**     At all times material hereto, on or about January 4, 2017 through the present date, Defendant DHR, in concert with all defendants, as set forth above within Letter A herein, individually and collectively caused on – going physical and mental harm to Eric, in that, DHR got **continued illegal** physical custody via their (DHR's) petition to the Baker Court thereby placing them (DHR) and other above – captioned named defendants, as set forth above within Letter A herein, in the position of having responsibility for the physical and mental care and safety of Eric.

**49.**     DHR – in said capacity, having continued illegal physical custody of Eric and *now* joined particularly by Defendant Attorney Edward L. Alley – knew or should have known that Eric's autistic traits included self-injurious behavior (SIBs) which included Eric hitting himself with a closed fist on and about his (Eric's) head. It also included Eric striking his (Eric's) head against walls at the facility where he (Eric) is being housed, subsequent to the placement of Eric by DHR in said housing facility, Sunlight Homes, as a trait of autistic behavior.   It is believed that the staff and administrators of Sunlight Homes witnessed incidents of Eric's self – injurious autistic behaviors which created the necessity to take Eric to the emergency room on several occasions approximately between May of 2017 and, again approximately on or about July/August of 2017.  Thus, Sunlight Homes' staff and administrators

have been particularly negligent in that they (staff & administrators) observed but did not prevent the harm created by Eric's self – injurious behavior which was negligence on the part of Sunlight Homes, also constituting malfeasance where there was a duty to prevent such harm.  It has been additionally egregious in that Sunlight Homes never contacted the parents – Plaintiffs John H. Davis and Shelia Davis that Eric was taken to the emergency room and plaintiffs only found out that Eric was in the hospital on several occasions *after* the fact and only through the investigative activities or actions by the parents/plaintiffs.

50.    The stated facts in this Count represent gross negligence on the part of Sunlight Homes Incorporated.  This also represents gross negligence on the part of Defendant Edward L. Alley who had taken on the responsibility of the care of Eric in the capacity of guardian.   This negligence borders on or includes intentional neglect of the physical and mental well – being of Eric, thus constituting a civil wrong as well as a criminal wrong.

51.    The above – stated facts continue to exasperate and accelerate the decline of the physical and mental health of Eric to the present.

52.    There has been research relating to the effects of National Football League (NFL) individuals sustaining repeated blows to the head.  This research has shown that the effects are not immediately apparent until years later.  An example of the effects appearing many years after a football player has retired is represented with the Frank Gifford case.  This physical and mental deterioration of Eric

contributed to by the SIBs is being noticed by the parents of Eric during telephonic communications with Eric to the parents' severe mental distress.

53.    This syndrome caused by head injuries is Chronic Traumatic Encephalopathy (CTE).

(See Copy regarding NFL traumatic brain injuries marked as **EXHIBIT 3** in 2 pages attached and made apart hereto).

Website last read April 23, 2020:
https://en.wikipedia.org/wiki/League_of_Denial

Website last read April 23, 2020:

https://www.pbs.org/wgbh/frontline/film/league-of-denial/

54.    Defendants Connie Shaw and Howard Shaw who – under the urging of Defendant DHR, Defendant Shannon Cameron, and the Baker Court to insert themselves (Connie Shaw and Howard Shaw) as the family representatives in the Eric matter – undertook the responsibility of the physical wellbeing of Eric and therefore are equally responsible and liable in this Count of negligence and malfeasance.

55.    These material facts are well – supported and documented and cannot be controverted.

56.    All defendants, as set forth in this Complaint, have either directly participated in the harm as set forth in this Count or have **aided and abetted** the commission of the harm set forth herein.

(See Copy of Alabama Department of Human Resources Administrative Code in pertinent parts marked as **EXHIBIT 4** in 13 pages attached and made apart hereto).

57.     COUNT VIII – Negligence/Malfeasance comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.  This Count would not be possible had the Baker Court conducted an evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution.

**COUNT IX**
**VIOLATION OF FIRST (1ST) AMENDMENT RIGHTS/INTERFERENCE WITH RESIDUAL PARENTAL RIGHTS**

58.     At all times material here to, on or about January 4, 2017 through the present date, Defendant DHR, by their (DHR's ) continued illegal acquiring of the person of Eric via Defendant Judge Robert M. Baker's Court and continuing such illegal physical custody, has impinged upon and continues to impinge upon the First (1st) Amendment Rights under the United States Constitution of John H. Davis and Shelia Davis in the practice of their (John H. Davis' and Shelia Davis') preferred religious beliefs in that John H. Davis and Shelia Davis over the last eighteen (18) years have been denied the opportunity to observe – as a family, John H. Davis', Shelia Davis' and Eric's preferred religious beliefs.

59.     That John H. Davis and Shelia Davis would be the religious guidance for the minor, Eric who is now a handicapped autistic adult towards the practice of their (John H. Davis' and Shelia Davis') religious preference.

This religious right has been and continues to be hampered by Defendant DHR using the ostensible authority of Defendant Robert M. Baker's Court over the matter of Eric.

60.     This hindrance has been enhanced continually to the present by Defendants Connie Shaw and Howard Shaw.

61.     The erroneous jurisdiction of the Defendant – Robert M. Baker's Court over the matter of Eric cannot be said, albeit erroneously, to affect any residual parental rights of Plaintiffs – John H. Davis and Shelia Davis over their (John H. Davis' and Shelia Davis') son, Eric.

However, any and all residual rights have been ignored and prevented entirely by the erroneous jurisdiction of the Defendant – Robert M. Baker's Court perpetrated by the **unfounded** and **unsubstantiated** filing of petition by DHR.

This interference has included the prevention and denial of the parental rights of John H. Davis and Shelia Davis to affect the proper jurisdictional authority over the matter of Eric and/or the transfer of Eric via the Interstate Compact to a facility here in the State of Indiana.

62.     All defendants named in this Complaint under Letter A above – have either directly or indirectly assisted in this harm to plaintiffs by **aiding and abetting** the actions of each other.

63.     These material facts are well – supported and documented and cannot be controverted.

64.     COUNT IX – Violation of First Amendment Rights/Interference with Residual Parental Rights comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric S. Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.

This Count would not be possible had the Defendant – Robert M. Baker's Court conducted an evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution.

**COUNT X**
**INTERFERENCE WITH PARENTAL CUSTODY AND VISITATION/VIOLATION OF**
**FOURTH (4TH) AMENDMENT OF THE UNITED STATES**
**CONSTITUTION/VIOLATION OF FOURTEENTH (14TH) AMENDMENT OF THE**
**UNITED STATES CONSTITUTION**

65.     At all times material hereto, on or about January 4, 2017 through the present date, Defendant DHR, in concert with all other defendants as set forth above within Letter A herein,  individually and collectively caused the interference

and the prevention of the physical custody of Eric by the natural parents, Plaintiffs John H. Davis and Shelia Davis, and the visitation rights of said plaintiffs by the filing of an unsubstantiated and unfounded petition filed in the Defendant Judge Baker's Court alleging the need to appoint a guardian over the welfare and care of Eric, the son of said plaintiffs.

66.    Said petition has, to this date, not been judicially resolved via an evidentiary hearing of said allegations nor by properly serving John H. Davis or Shelia Davis with notice of such allegations.

67.    Defendant Judge Baker's Court accepted this petition filed by DHR and has, to the present, refused to give full faith and credit to the jurisdictional authority of the Indiana Court.  The refusal of the Baker Court to grant an evidentiary hearing on the issue of jurisdiction is and continues to be a **violation** of the due process rights of Plaintiffs John H. Davis, Shelia Davis and Eric under the Fourth (4th) and Fourteenth (14th) Amendments of the United States Constitution, and also a violation of John H. Davis', Shelia Davis' and Eric's Equal Rights protection under the Fourteenth (14th) Amendment of the United States Constitution, in that, John H. Davis and Shelia Davis were entitled to due process of the law which entails holding a full evidentiary hearing on the matter of jurisdiction which was never held in Defendant's – Robert M. Baker's Court nor any other court of law in the State of Alabama.

Additionally, Plaintiff John H. Davis and Plaintiff Shelia Davis were never afforded the Equal Protection of the law in that they (plaintiffs) were never

provided the full disclosure of the elements presented in the petition for
guardianship over Eric Davis.

**68.**    It is the belief of the Plaintiffs, John H. Davis and Shelia Davis, that
the Alabama courts have asserted jurisdiction over the Eric Davis matter by *merely*
providing an oral (telephonic) statement to the courts in the State of Indiana.  It is
the further belief that no substantive evidence has been presented to the Indiana
courts providing documented proof of any evidentiary hearing supporting
jurisdiction over Eric Davis by the Alabama courts.

Any assertion that there has been an evidentiary hearing should and must be
supported by a verified copy of the **original** taping and/or recording of such
evidentiary hearing which can be obtained from the Alabama Administrative
Director of Courts of the Alabama Unified Judicial System located in Montgomery,
Alabama by or through the request of any Indiana court wherein this Complaint is
filed.

Any material asserting evidence of having had an evidentiary hearing on the
issue of jurisdiction over Eric Davis such as a court reporter's certified transcript –
should be viewed as suspect, in that, a court reporters' certification of a Limestone
County Alabama court transcript has been alleged, in an unrelated case, to have
been falsified or altered from the Alabama Limestone County Courts.  Therefore,
the courts in Indiana should insist upon an official document from the Alabama
Administrative Director of Courts of the Alabama Unified Judicial System located
in Montgomery, Alabama.

69.     Defendant Judge Robert M. Baker's Court was placed on notice that there was a pending judicial proceeding here in the State of Indiana during the period when he (Defendant Judge Baker) was asked to consider the petition for guardianship over the matter of Eric Davis.

 (See Copy of Letter dated October 26, 2017 to Defendant Attorney Michael C. Sizemore marked as **EXHIBIT 5** in 4 pages attached and made apart hereto).

70.     These material facts cannot be controverted.   All Defendants as set forth above within Letter A herein, have either directly or indirectly assisted in this harm to plaintiffs by **aiding and abetting** the actions of each other.

71.     Count X – Interference with Parental Custody and Visitation/Violation of Fourth Amendment of the United States Constitution/Violation of Fourteenth Amendment of the United States Constitution comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric S. Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

## COUNT XI
## VIOLATION OF THE FIFTH (5TH) AMENDMENT OF THE UNITED STATES CONSTITUTION

72.     At all times material hereto, on or about January 4, 2017 to the present date, Defendant Judge Robert Baker illegally authorized the taking of plaintiffs' John H. Davis' and Shelia Davis' property i.e. Social Security account

funds without proper legal authority by granting the petition filed by Defendant DHR requesting that the court provide the DHR individual named to be guardian over the welfare and care of Eric Davis.

This guardian was appointed illegally by Defendant Judge Robert M. Baker which granted the authority to the illegally – named guardian to collect and receive Social Security account funds from the estate of Eric Davis and Social Security accounts from Plaintiff John H. Davis and Plaintiff Shelia Davis.

**73.**   This illegal taking of property violates the Fifth (5th) Amendment Rights of the plaintiffs by depriving plaintiffs of property without due process of law.

All other named defendants as set forth above within Letter A herein, either – directly or indirectly **aided and abetted** the above-stated acts.

These material facts cannot be controverted.

## COUNT XII
## FORGERY

**74.**   At all times material hereto, on or about January 4, 2017 to the present date, Defendant DHR filed a petition with the Defendant's – Robert M. Baker's, Court alleging and signing said petition that they (DHR's) officials or caseworkers are the proper representatives, authorities and guardians for the estate, welfare and care of Eric Davis.

**75.**   This act was done with the knowledge that the true representatives or guardians of Eric Davis are, and have always been, the natural parents – Plaintiff

John H. Davis and Plaintiff Shelia Davis who reside in the State of Indiana.

Additionally, the legal requirements to receive Social Security and Medicaid for Eric Davis are that such legal representative or guardian reside in the State in which the Social Security and/or Medicaid is sought and being received. This requirement is considered residency. Defendant DHR illegally signed petitions that the residency for a representative or guardian of Eric Davis is in the State of Alabama. This false statement is controverted in that the natural parents of Eric Davis reside in the State of Indiana and their parental rights have never been terminated nor any residual parental rights been terminated.

The act of signing off as authority for receipt of Medicaid and Social Security funds in the State of Alabama constitutes **forgery**. Defendant DHR's act has been hidden or DHR has attempted to hide the illegal acts by disregarding the requirements to prevent false claims and by disregarding or opting out of the requirements to report receipt of funds through the PARIS (Public Assistance Reporting Information System) reporting form.

These illegal acts propounded by Defendant DHR were previously committed at an earlier time in direct concert with Defendant Connie Shaw and Defendant Howard Shaw as set forth in plaintiffs' previous complaint regarding this matter.

76.    The endorsement of each document for funds represents forgery in that it has not been and continues not to represent the proper authority for receipt of such funds – also representing criminal and civil wrongs against the plaintiffs as well as state and federal entities.

(*See* Copy of State False Claims Act Reviews Guidelines in pertinent parts mark as **EXHIBIT 6** in 2 pages attached and made apart hereto).

77.     Each application or annual application for such funds (Medicaid & SSI, etc.) must be made by the applicant or entity applying for such funds with the PARIS (Public Assistance Reporting Information System) database.  This reporting to the PARIS database is mandated by law and cannot be opted – out.  The Defendants (DHR) herein did in fact submit a report/document to Washington, D.C. or the regional Medicaid Office (Atlanta) which indicated that they (Defendants, herein) opted – out of the requirement of reporting to the PARIS database.

(See Partial Copy of Information on Alabama Medicaid Eligibility Plan regarding residency in pertinent parts mark as **EXHIBIT 7** in 2 pages attached and made apart hereto).

(See Copy of Information on PARIS Database Interstate Match Program in pertinent parts mark as **EXHIBIT 8** in 4 pages attached and made apart hereto).

(See Copy of PARIS information on Memorandum of Agreements in pertinent parts mark as **EXHIBIT 9** in 4 pages attached and made apart hereto).

All other named defendants as set forth above within Letter A herein, either – directly or indirectly **aided and abetted** the above – stated acts.  These material facts cannot be controverted.

**78.**    COUNT XII – Forgery comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.  This Count would not be possible had Defendant's – Judge Robert M. Baker's Court conducted an evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth (14th) Amendment of the United States Constitution.

**79.**    These material facts are well – supported and documented and cannot be controverted.

**NOTE:**    Application for funds as described above must be renewed and made annually.  All defendants, as stated in this Complaint, have been and are motivated by receiving funds which are **illegally converted** to each of the defendant's personal use and represents a broad scheme to exert and acquire use of illegally – obtained funds from a broad array of improper petitions submitted to Limestone County Alabama courts of other minors and/or mentally handicapped adults.  This scheme has been noted and given the name of "Cash Cow Children" through the investigations of the *late* Georgia Senator Nancy Schaefer.

Website last seen April 23, 2020:
https://www.youtube.com/watch?v=u5fqaaBpTLY

## COUNT XIII
## FAILURE OF A GOVERNMENTAL OFFICIAL TO PERFORM REQUIRED DUTIES OF THE OFFICE

**80.**     At all times material hereto, on or about September 8, 2016, Defendant LUTHER STRANGE III ("Strange") – acting in his official capacity as the Attorney General of the State of Alabama – refused to accept service of a Complaint filed by plaintiffs herein against the state agency, Alabama Department of Human Resources, named in that Complaint as one of the defendants.

Defendant Luther Strange returned said Complaint to the plaintiffs herein and stated that his (Strange's) Office was not the proper place to serve said Complaint against an agency in the State of Alabama.

Defendant Luther Strange additionally sent a letter dated September 8, 2016 which stated his (Strange's) Office was not the proper place for service of a Complaint against an agency in the State of Alabama – to all other defendants named by plaintiffs in said Complaint sent to Defendant Strange.

**81.**     This act did not undermine the proper service of the Complaint nor affected the responses to the Complaint by the other named defendants in said Complaint.

**82.**     This act did not cause any significant problems regarding service of that Complaint to other named defendants and was not litigated in the prior Complaint filed by the plaintiffs regarding the matter of Eric Davis.  Thus, this act was never brought out in the previous litigation as an issue nor referred to as being

relevant in the prior Complaint and is therefore not now *res judicata* nor can this act be said to be *collateral estoppels*.

**83.**     Defendant – Luther Strange's act has *now* shown to have a present affect on Defendant DHR in that Defendant DHR was named as a defendant in the prior Complaint (Case no. 2:16 – cv – 00120) – filed June 16, 2016, and was motivated to ignore the prior Complaint and thereby did not respond to the prior Complaint based upon the letter dated September 8, 2016 from Defendant Luther Strange – and *now* **Defendant DHR appears to feel motivated** to file a new petition illegally affecting the jurisdiction of the Eric matter as they, DHR, similarly did as alleged in the prior Complaint filed June 16, 2016.

(See Copy of Letter dated September 8, 2016 marked as **EXHIBIT 10** in 1 page attached and made apart hereto).

**84.**     This *new* petition by Defendant DHR was filed with Defendant Judge Robert M. Baker's Court on or about January 4, 2017.

**85.**     Defendant Strange, subsequent to the alleged illegal acts, has been replaced by another Attorney General of Alabama.  This replacement came about due to the fact that Luther Strange was appointed to the vacated senate seat of then Senator Jeff Sessions of the State of Alabama.

Luther Strange accepted said appointment from the then Governor Robert Bentley of the State of Alabama, however, Luther Strange declined to fulfill the duty of Attorney General as it applied to allegations against the then Governor

Bentley and, in essence, received a bribe in exchange for not prosecuting the then

Governor Robert Bentley who (Bentley) subsequently accepted a plea agreement

from the new Alabama Attorney General (Steve Marshall) in exchange for prison in

April 2017.

(See Copy dated February 9, 2017 in pertinent parts mark as **EXHIBIT 11** in

3 pages attached and made apart hereto).

*See* websites last read April 23, 2020:

https://www.theatlantic.com/politics/archive/2017/02/the-curious-appointment-of-senator-luther-strange/516153/

https://www.theatlantic.com/politics/archive/2017/02/the-investigation-of-alabamas-governor/516906/

This fact regarding *then* Governor Bentley is set forth herein as an example

of Defendant Luther Strange's **failure** to perform the duties of the Office of Attorney

of General of the State of Alabama.   The Attorney General's October 2016

published website, under *then* Attorney General Luther Strange, stated in part:

> "… As the State's attorney, he provides legal
> representation for the state of Alabama, its officers,
> departments, and agencies.  The Attorney general defends
> the State in all lawsuits in which the State is named as a
> defendant.  He represents the state in all court proceedings
> wherein …"

(*See* Copy of Website last read October 22, 2016 in pertinent parts mark as

**EXHIBIT 12** in 3 pages attached and made apart hereto).

Plaintiffs reviewed the duties of the Attorney General of the State of Alabama regarding a Complaint filed against an agency of the State of Alabama. Defendant Luther Strange has shown his (Strange's) **negligence** and failure to perform his (Strange's) duties as an attorney general in the previously filed Complaint – filed on June 16, 2016 – by plaintiffs and as set forth in another example of the then Governor Robert Bentley's case.

86.    The Bentley case was well publicized.

87.    All other named defendants as set forth above within Letter A herein, either – directly or indirectly **aided and abetted** the above – stated acts.

88.    COUNT XIII – Failure of a Governmental Official to Perform Required Duties of the Office comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth (14th) Amendment of the United States Constitution.  This Count would not be possible had Defendant – Judge Robert  M. Baker's Court conducted an  evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth (14th) Amendment of the United States Constitution.

Defendant – Judge Robert M. Baker was placed on notice that there was an active pending case regarding the same material facts relating to Eric Davis in the State of Indiana.

(See Copy of Letter carbon – copied to Judge Robert Baker dated October 26, 2017 mark as **EXHIBIT 13** in 4 pages attached and made apart hereto).

89.     These material facts are well – supported and documented and cannot be controverted.

**COUNT XIV**
**MAIL FRAUD/WIRE FRAUD**

90.     At all times material hereto, on or about January 4, 2017 to the present date, Defendant DHR filed a false petition seeking the continued illegal granting of jurisdiction over the welfare of Eric Davis from the Defendant, Judge Robert M. Baker.

This petition included the request to apply for funds from Social Security Administration, Medicaid from the accounts of Eric Davis and from the accounts of the parents of Eric Davis – Plaintiffs John H. Davis and Shelia Davis.

91.     Any such application made by any individuals, entities, and/or agencies would be illegal as the parents of Eric Davis, Plaintiffs – John H. Davis and Shelia Davis, would be the only authorities having the right to apply for such funds.

Plaintiffs' – John H. Davis' and Shelia Davis' rights have never been terminated by any legal authority of any judicial system, agencies or courts of law.

The application – sought by the petitioner Defendant DHR to the Defendant Judge Robert M. Baker's Court – triggered funds from Social Security accounts and from Medicaid accounts of plaintiffs (John H. Davis, Shelia Davis and Eric Davis).

The receipt of such funds, received monthly, constitutes **wire fraud or mail fraud**.

Each such monthly receipt from January 4, 2017 to the present date represents more than thirty – nine (39) months and therefore represents more than thirty – nine (39) instants of mail and wire fraud.

Also each annual renewal of such funds represents more than three (3) years of mail and wire fraud.

92.     All other named defendants as set forth above within Letter A herein, either – directly or indirectly **aided and abetted** the above – stated acts.

93.     COUNT XIV – Mail fraud/Wire fraud comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

This Count would not be possible had the Defendant – Judge Robert  M. Baker conducted an evidentiary hearing regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth (14th) Amendment of the United States Constitution.

94.    These material facts are well – supported and documented and cannot be controverted.

### COUNT XV
### MISPRISION/MISPRISION OF FELONY/AIDING & ABETTING

95.    At all times material hereto, on or about April 3, 2016 to January 4, 2017, wherein Defendant Judge Patterson replaced the former Judge Jeanne W. Anderson and from January 4, 2017 to the present date when the present judge – Defendant Judge Robert M. Baker, who replaced Judge Patterson, accepted a petition filed by Defendant DHR regarding a *continued* request for what is stated herein as an **illegal hold** on the physical custody and welfare of Eric Davis – such illegal hold continuing to the present date.

96.    These illegal acts by Defendant Judge Patterson and Defendant Judge Baker generated the funds from Social Security accounts of Plaintiffs – John H. Davis and Shelia Davis and Medicaid, SSI, state and federal funds which were received by the Court of Defendant Patterson and presently by the Court of Defendant Baker.  Upon receipt of said funds, such funds were then distributed via Defendant DHR to Defendant Connie Shaw and Defendant Howard Shaw and to the residential facility of Sunlight Homes in Toney, Alabama.

Additionally, from January 4, 2017 – subsequent to Defendant Baker's granting the illegal (DHR) petition to assign a new guardian i.e. Defendant Alley – Defendant Alley became one of the recipients of said illegally obtained funds (Medicaid, SSI, state & federal monies).  This distribution of said illegally obtained

funds constitutes RICO and because each of the named defendants were aware of the illegally obtained funds, they `all` are liable under misprision of a felony 18 U.S.C. §4 which set forth in pertinent part:

## 18 U.S. Code § 4 (Misprision of felony)

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Website below last read April 23, 2020:
https://www.law.cornell.edu/uscode/text/18/4

97.     All other named defendants as set forth above within Letter A herein, either – directly or indirectly **aided and abetted** the above-stated acts.

98.     These Counts are set forth under 42 U.S.C. § 1983, popularly known as "Section 1983"   These Counts are set forth as to all members of Defendant DHR, administrators, supervisors, directors, case workers, staff, and agents.

99.     COUNT XVI – Misprision comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric Davis, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

This Count would not be possible had the Defendants – Douglas L. Patterson's and Robert M. Baker's Courts conducted an evidentiary hearing

regarding jurisdiction, the lack of which caused the violation of plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution.

100.    These material facts are well – supported and documented and cannot be controverted.

101.    Plaintiffs also reserve the right to amend this Complaint as it may relate to the State of Alabama.

**COUNT IV**
**FRAUD/VIOLATION OF FALSE CLAIMS ACT**

102.    At all times material hereto, on or about April 3, 2016 to on or about January 4, 2017, Defendant Judge Patterson committed fraud by way of soliciting funds from federal agencies, state agencies, Medicaid, SSI, ostensibly for the care of Eric who with the ostensible authority of Defendant Judge Patterson's Court continued to re – establish on a yearly basis the ostensible authority of the court.

It is required that a court, upon taking authority of a minor or of an adult with a handicapped need such as autism, must each year determine whether or not said court should continue the authority of the court on the individual's welfare.

Such continued authority made once a year must be set for an evidentiary hearing which must include the parents of the individual unless the parents' parental authority has been terminated.  In the present case, the parents of Eric are and were citizens and residents of the State of Indiana and their parental rights, including any residual parental rights, have never been terminated.

The Patterson Court has **never** set an evidentiary hearing – subsequent to taking over the case of Eric from the original Judge Jeanne W. Anderson Court – for pursuing the annual authority of the court over the welfare of Eric thus violating the rights of the parents.

The Defendant – Judge Patterson had assigned or continued the assignment of a guardian over the welfare and estate of Eric i.e. Defendant Connie Shaw and Defendant Howard Shaw without the required evidentiary hearing and legal authority.

This fraud was and is perpetrated by officers and staff members of the said Defendant Judge Patterson by seeking said funds without proper authority in that said funds were known to be unavailable for the care of Eric through any persons, agencies or courts not having a proper jurisdiction over the person of Eric.

103.   Additionally, said funds were improperly solicited by said Defendant Judge Patterson as well as aided and abetted by all other – named defendants as set forth above within Letter A herein.

104.   Each application for Medicaid funds must be renewed annually and each receipt of Medicaid funds are monthly thus over nine (9) months of receipt of Medicaid funds represents over nine (9) separate acts of fraud, civil and criminal.

105.   This fraud is also exemplified by the fact that all applicants for Medicaid *must* also prepare and submit a PARIS Database form which is mandated by law (beginning approximately 2016) to prevent duplication of and/or receipt of

funds fraudulently.  The submission of this form (the PARIS database request – check form) cannot be "opted – out" by any court or other entities however this was exactly what Defendant Judge Patterson purposefully did.  Each Defendant, as set forth in Letter A herein, either directly or indirectly participated in this fraud by their (defendants') actions or inaction by **aiding and abetting** the actions of Defendant Judge Patterson.  These material facts cannot be controverted, particularly the opting-out of the legally – mandated submission of the (PARIS database request –check) form.

106.   Plaintiffs have been, and are being, injured and detrimentally affected, in that, defendants – individually and collectively, have been and are illegally using the judicial system to keep the illegal jurisdiction of Eric in the State of Alabama motivated by the fact that these illegally – obtained Medicaid funds are partially diverted to supplement the defendants' payrolls, salaries and other monetary gain.

(See Partial Copy of the State of Alabama Eligibility Verification Plan Form regarding checking PARIS database for residency in pertinent part marked as **EXHIBIT 1** in 1 page).

107.   Count IV – FRAUD/Violation of False Claims Act comes out of the fact that the Limestone County Alabama courts did not provide an evidentiary hearing regarding jurisdiction in the matter of Eric, thus violating the substantive and procedural due process rights of the Plaintiffs, John H. Davis, Shelia Davis, and Eric S. Davis under the Fourteenth Amendment of the United States Constitution.

**108.**   Fraud by its definition includes false claims (False Claims Act, 31 U.S. Code § 3729) thus the fraudulent acts of Defendant Judge Patterson, aided and abetted by all the other listed defendants as set forth in Letter A herein, includes in pertinent part:

> i.   "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [;]"
>
> ii.   "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim [;]" or
>
> iii.   "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government [.]"

*See* False Claims Act (FCA), 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B), and (a)(1)(G)

*"Knowingly"*, within the meaning of the FCA, is defined to include a defendant acting in reckless disregard or deliberate indifference of the truth or falsity of information, as well as actual knowledge of such falsity by the defendant. See § 3729(b)(1).  Further, "no proof of specific intent to defraud" is required to establish liability under the False Claims Act ("FCA").

For purposes of section 3729(a)(1)(B), the FCA defines "material" as "having a natural tendency to influence, or capable of influencing, the payment or receipt of money or property." See § 3729(b)(4).

The FCA also defines "obligation" in section 3729(a)(1)(G) – the reverse false claims provision – to include any "established duty, whether or not fixed, arising from an express or implied contractual … relationship, from a fee – based or similar relationship, from statute or regulation, or from the retention of an overpayment." See § 3729(b)(3).

This broad definition reflects Congress's intent for the reverse false claims' provision to apply to non – fixed duties.

The False Claims Act applies to Defendant – Judge Patterson's fraudulent acts as set forth above.

109.   Defendant Judge Patterson has since  left the position as judge pending the outcome of criminal charges wherein Defendant Patterson has been charged with having committed the offenses of –

### Count 1: Use of official position or office for personal gain

The Grand Jury of Limestone County charges that, before the finding of this indictment, DOUGLAS LEE PATTERSON, whose name is otherwise unknown to the Grand Jury, did intentionally use or cause to be used his official position or office, to wit: District Court Judge of the 39th Judicial Circuit in Limestone County, Alabama, to obtain personal gain for himself, a family member, or a business with which he is associated, to wit: all of or a portion of $47,008.24 in U.S. currency and/or checks derived from the Limestone County Juvenile Court Services Fund created pursuant to Alabama Code section 45-42-81, and that such use and gain were not otherwise permitted by law, in violation of Alabama Code section 36-25-5(a), against the peace and dignity of the State of Alabama.

## Count 2: Financial Exploitation of the elderly in the first degree

The Grand Jury of Limestone County charges that, before the finding of this indictment, DOUGLAS LEE PATTERSON, whose name is otherwise unknown to the Grand Jury, did intentionally breach a fiduciary duty to an elderly person, to wit: Mr. Charles Hardy, as the guardian, conservator, or agent under a power of attorney, which resulted in an unauthorized appropriation, sale, or transfer of the elderly person's property, which exceeded $2500.00, to wit: all of or a portion of $47,800 in U.S. currency and/or checks drawn on the conservator account for Mr. Charles Hardy, a better description of which is unknown to the Grand Jury, in violation of Alabama Code section 13A-6-195, against the peace and dignity of the State of Alabama.

## Count 3: Theft of property in the third degree

The Grand Jury of Limestone County charges that, before the finding of this indictment, DOUGLAS LEE PATTERSON, whose name is otherwise unknown to the Grand Jury, did knowingly obtain or exert unauthorized control over, or did knowingly obtain by deception control over the property of the estate of Mr. Rudolph Allen, with an aggregate value that exceeds $500 but does not exceed $1,499, with the intent to deprive the owner of the property, in violation of Alabama Code section 13A-8-4.1, against the peace and dignity of the State of Alabama.

(See STATE OF ALABAMA v DOUGLAS LEE PATTERSON – No. GJ-19-76)

(See Copy of Grand Jury Indictment and Copy of Letter dated December 17, 2019 marked as **EXHIBIT 14** in 4 pages attached and made apart hereto).

(See Copy of News Release by State Attorney General Steve Marshall dated December 12, 2019 marked as **EXHIBIT 15** in 3 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.alabamaag.gov/Documents/news/Doug%20Patterson%20arrest%2012-2019.pdf

*See* website last read April 23, 2020:
https://judicial.alabama.gov/docs/judiciary/COJ55ComplaintPatterson.pdf

**COUNT XVI**
**KIDNAPPING**

110.   At all times material hereto, on or about January 4, 2017 to the present date, Defendant Judge Robert M. Baker continues the illegal hold of Eric Davis by the previous Limestone County judges thereby committing **kidnapping** of the person of Eric Davis – a mentally handicapped autistic adult who is the son of Plaintiffs – John H. Davis and Shelia Davis.  This kidnapping is being accomplished by Judge Baker which is a violation of the following:

> "… Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or caries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof …"

**(See18 United States Code §1201)**

This violation is continuing to injure the rights of the Plaintiffs – John H. Davis and Shelia Davis to have their son, Eric Davis, removed from the courts of Alabama and returned to the State of Indiana.  This is a violation of plaintiffs'

Constitutional Rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

This act is **aided and abetted** by all other defendants under Letter A herein.

111.    Due to the exigent circumstances of Eric Davis, the son of Plaintiffs – John H. Davis and Shelia Davis, the pandemic continues to place Eric in a risky situation as to Eric's health in that Eric is being illegally held in a facility that is not properly licensed and nor is the staff properly trained to protect the welfare and health of Eric.

Therefore, Plaintiffs – John H. Davis and Shelia Davis file a Petition for A Writ of Habeas Corpus concomitantly with this Complaint.

Additionally, due to the irrevocable ongoing harm of plaintiffs' finances needed to provide necessities, plaintiffs file a Verified Motion for Temporary Restraining Order and a Verified Motion for Preliminary Injunction concomitantly with this Complaint.

(See **EXHIBIT A**).

WHEREFORE, Plaintiffs – JOHN H. DAVIS ("John H. Davis"), SHELIA DAVIS ("Shelia Davis") and ERIC S. DAVIS ("Eric"), by Eric's natural parents – John H. Davis and Shelia Davis, `pray` that the Court grants John H. Davis, Shelia Davis, and Eric by Eric's natural parents, John H. Davis and Shelia Davis judgment against Defendants:

a)    ALABAMA DEPARTMENT OF HUMAN RESOURCES OF LIMESTONE COUNTY & (all administrators, supervisors, caseworkers and staff), individually and collectively, as an Aider & Abettor of all other named defendants;

b)    JUDGE ROBERT M. BAKER & (in an individual capacity), individually and collectively, as an Aider & Abettor of all other named defendants;

c)    JUDGE DOUGLAS L. PATTERSON & (in an individual capacity), individually and collectively, as an Aider & Abettor of all other named defendants;

d)    ATTORNEY MICHAEL C. SIZEMORE (in an individual capacity), individually and collectively, as an Aider & Abettor of all other named defendants;

e)    ATTORNEY EDWARD L. ALLEY (in an individual capacity), individually and collectively, as an Aider & Abettor of all other named defendants;

f)    LUTHER STRANGE III (as Attorney General of the State of Alabama), individually and collectively, as an Aider & Abettor of all other named defendants;

g)      ROBERT BENTLEY (as Governor of the State of Alabama),
individually and collectively, as an Aider & Abettor of all other named defendants;

h)      ROY MOORE (as Chief Judge in the State Courts of Alabama),
individually and collectively, as an Aider & Abettor of all other named defendants;

i)      SUNLIGHT HOMES INCORPORATED in Alabama & (also all
owners, administrators, board members, supervisors, caseworkers and staff),
individually and collectively, as an Aider & Abettor of all other named defendants;

j)      MARILYN BATTS (in an individual capacity), individually and
collectively, as an Aider & Abettor of all other named defendants;

k)      DEBORAH A. CAIN: as probation officer with Alabama Department of
Human Resources of Limestone County, (in an official capacity and an individual
capacity), individually and collectively, as an Aider & Abettor of all other named
defendants;

l)      SHANNON CAMERON (in an individual capacity), individually and
collectively, as an Aider & Abettor of all other named defendants;

m)      CONNIE SHAW, individually and collectively, as an Aider & Abettor
of all other named defendants;

n)      HOWARD SHAW, individually and collectively, as an Aider & Abettor
of all other named defendants;

Plaintiffs herein, JOHN H. DAVIS ("John H. Davis"), SHELIA DAVIS ("Shelia Davis") and ERIC S. DAVIS ("Eric"), by and through his (Eric's) natural parents – John H. Davis and Shelia Davis, `pray` for a judgment against all named defendants as aiders and abettors of all `other` named defendants.

Also, Plaintiffs – JOHN H. DAVIS, SHELIA DAVIS and ERIC S. DAVIS (by and through his (Eric's) natural parents, John H. Davis and Shelia Davis, as *next of friend*) `pray` that the Court `Execute` the Petition for A Writ of Habeas Corpus filed concomitantly and made apart hereto of this Complaint with instructions that United States Federal Marshals collect the body of Eric Davis and his records and medications from Defendant SUNLIGHT HOMES INCORPORATED in Alabama ("Sunlight") or from any other location in which Eric has been moved to or transferred with requirements that Sunlight agents, officials or staff are Ordered to divulge to the United States Federal Marshals the location of Eric Davis and deliver him (Eric Davis) to the local hospital – Southlake Methodist Hospital in Merrillville, Indiana with Summons to the local child protective services to take temporary charge of custody of Eric `limited to` Eric Davis' placement in the appropriate residential facility maintained for adult handicapped autistic individuals.

Plaintiffs – JOHN H. DAVIS and SHELIA DAVIS as the natural parents of ERIC S. DAVIS ("Eric") `seek` the emergency removal of Eric Davis from an environment which is detrimental to Eric Davis' physical and emotional wellbeing in that the environment affected by a number of official state officers in the State of Alabama consist of – *former* Alabama Attorney General Luther Strange III who did

not pursue the duties of his official office as it related to the Eric Davis matter nor as it related to the prosecution of the *former* Governor – Defendant Robert Bentley by accepting an appointment to the vacate senate seat of the *former* Alabama Senator Jeff Sessions in 2017.

(See Copy of document dated February 15, 2017 in pertinent parts marked as **EXHIBIT 16** in 2 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.theatlantic.com/politics/archive/2017/02/the-investigation-of-alabamas-governor/516906/

In April 2020, the Alabama Supreme Court upheld six (6) convictions of the *former* Alabama State Speaker of the House – Michael Hubbard, who was convicted of over eleven (11) criminal acts and felony ethics charges of using his public office for personal gain – in 2016 and was sentenced to several years in prison.

(See Copy dated April 10, 2020 in pertinent parts marked as **EXHIBIT 17** in 4 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.oanow.com/news/crime_courts/alabama-supreme-court-upholds-six-convictions-against-mike-hubbard/article_3405059c-7b40-11ea-ad74-9f9a0eaec056.html

In 2017, the *former* Alabama Governor Robert Bentley took a plea from the *then* Alabama Attorney General who replaced Luther Strange.

A plea agreement provided conviction of Governor Bentley and a sentence of probation.

(See Copy dated April 10, 2017 in pertinent parts marked as **EXHIBIT 18** in 4 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.washingtonpost.com/news/the-fix/wp/2017/04/10/brought-down-by-an-affair-alabama-gov-robert-bentley-expected-to-resign-today-according-to-news-reports/

In 2017, the former Chief Judge of the State of Alabama Roy Moore had been removed as Chief Justice of the State of Alabama for the second time (the first being in 2003) and thereafter Moore lost a close race for the Alabama senate seat when accusations surfaced involving his (Roy Moore's) sexual molestation of a fourteen year old and several other minors when he was a state prosecutor.

(See Copy dated June 20, 2019 in pertinent parts marked as **EXHIBIT 19** in 3 pages attached and made apart hereto).

(See Copy dated April 19, 2017 in pertinent parts marked as **EXHIBIT 20** in 3 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.nbcnews.com/politics/politics-news/roy-moore-who-lost-alabama-senate-race-after-allegations-sexual-n1019681

*See* website last read April 23, 2020:
https://www.al.com/news/birmingham/2017/04/suspended_alabama_supreme_cour.html

*See* website last read April 23, 2020:
https://www.washingtonpost.com/investigations/woman-says-roy-moore-initiated-sexual-encounter-when-she-was-14-he-was-32/2017/11/09/1f495878-c293-11e7-afe9-4f60b5a6c4a0_story.html

Currently on or about June 2020, Defendant Douglas L. Patterson is formally awaiting trial on three (3) criminal acts and therefore was removed as judge from the Alabama Limestone County courts, who had been presiding over the Eric Davis matter.

(See Copy of document dated December 12, 2019 in pertinent parts marked as **EXHIBIT 21** in 4 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.al.com/news/2019/12/limestone-county-judge-indicted-on-charges-of-theft-abuse-of-power.html

In August of 2019, Limestone County Alabama Sheriff Michael Blakely was arrested on more than a dozen theft and ethics charges.

(See Copy of FBI's Press Release dated August 22, 2019 in pertinent parts marked as **EXHIBIT 22** in 2 pages attached and made apart hereto).

*See* website last read April 23, 2020:
https://www.fbi.gov/contact-us/field-offices/birmingham/news/press-releases/attorney-general-steve-marshall-announces-limestone-county-sheriff-mike-blakely-indicted-on-theft-and-ethics-charges

Finally, with the corona – virus national pandemic and the above – listed officials accused of numerous corrupted acts causes concern for the **safety** and wellbeing of Eric Davis and creates the emergency need to have Eric removed from the State of Alabama and placed in the State of Indiana where Eric's natural parents can be directly involved in Eric's wellbeing;  Also, Plaintiffs – JOHN H. DAVIS, SHELIA DAVIS and ERIC S. DAVIS (by and through his (Eric's) natural parents, John H. Davis and Shelia Davis, as next of friend) pray that the Court

`Grant` the Plaintiffs' Verified Motion for Temporary Restraining Order Without Notice filed concomitantly and made apart hereto of this Complaint;   Also, Plaintiffs – JOHN H. DAVIS, SHELIA DAVIS and ERIC S. DAVIS (by and through his (Eric's) natural parents, John H. Davis and Shelia Davis, as *next of friend*) `pray` that the Court `Grant` the Plaintiffs' Verified Motion for Preliminary Injunction filed concomitantly and made apart hereto of this Complaint, and for all other just and proper remedies in the premises.

Dated:   **July 14, 2020**

Respectfully Submitted,

*/s/ John H. Davis*

John H. Davis (#4812 – 45)
*Attorney for Plaintiffs,*
JOHN H. DAVIS,
SHELIA DAVIS
& ERIC S. DAVIS

John H. Davis
*Attorney at Law*
P.O. Box 43
Crown Point, Indiana 46308

PHONE:      (219) 884 – 2461
EMAIL:      attyhdavis@gmail.com

## <u>JURY DEMAND</u>

Plaintiffs demand trial by Jury.

> */s/ John H. Davis*
> John H. Davis (#4812-45) – Attorney
> For Plaintiffs, JOHN H. DAVIS,
> SHELIA DAVIS & ERIC S. DAVIS

John H. Davis
**Attorney at Law**
P.O. Box 43
Crown Point, Indiana 46308-0043

PHONE:      (219) 884-2461
attyhdavis@gmail.com

## <u>INDEX OF EXHIBITS</u>

EXHIBIT A                (In 5 Pages)

EXHIBIT 1                (In 1 Page)

EXHIBIT 2                (In 2 Pages)

EXHIBIT 3                (In 2 Pages)

EXHIBIT 4                (In 13 Pages)

EXHIBIT 5                (In 4 Pages)

EXHIBIT 6                (In 2 Pages)

EXHIBIT 7                (In 2 Pages)

EXHIBIT 8                (In 4 Pages)

EXHIBIT 9                (In 4 Pages)

EXHIBIT 10               (In 1 Page)

EXHIBIT 11                    (In 3 Pages)


EXHIBIT 12                    (In 3 Pages)


EXHIBIT 13                    (In 4 Pages)


EXHIBIT 14                    (In 4 Pages)


EXHIBIT 15                    (In 3 Pages)


EXHIBIT 16                    (In 2 Pages)


EXHIBIT 17                    (In 4 Pages)


EXHIBIT 18                    (In 4 Pages)


EXHIBIT 19                    (In 3 Pages)


EXHIBIT 20                    (In 3 Pages)


EXHIBIT 21                    (In 4 Pages)


EXHIBIT 22                    (In 2 Pages)